UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS LEE RODGERS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF OHIO, et al.,<br><br>　　　　Defendants. | 1:13-cv-01802-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUESTS FOR JUDICIAL NOTICE<br>(Docs. 11, 12.) |

**I.　　BACKGROUND**

Otis Lee Rodgers ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff lodged the Complaint commencing this action on September 6, 2013 at the United States District Court for the Central District of California. (Doc. 1.) On October 29, 2013, Plaintiff filed the First Amended Complaint. (Doc. 6.) On November 5, 2013, the case was transferred to the Eastern District of California. (Doc. 4.) Plaintiff has consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 9.)

On December 26, 2013 and January 2, 2014, Plaintiff filed requests for judicial notice, with documents attached. (Docs. 11, 12.)

**II.　　REQUEST FOR JUDICIAL NOTICE**

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). The court may take

1

judicial notice of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.l (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).  "Judicial notice is an adjudicative device that alleviates the parties' evidentiary duties at trial, serving as a substitute for the conventional method of taking evidence to establish facts." York v. American Tel. & Tel. Co., 95 F.3d 948, 958 (10th Cir. 1996)(internal quotations omitted); see General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997).

Plaintiff requests the court to take judicial notice of four documents:  (1) An e-mail communication allegedly sent to the Ohio Justice & Policy Center concerning Plaintiff's parole status (Doc. 11 at 7); (2) the response to Plaintiff's inmate appeal log no. #13-03742 at the first level of review, dated 10/17/13 (Doc. 12 at 3-4) (3) the response to Plaintiff's inmate appeal log no. #13-03742 at the second level of review, dated 12/19/13 (Id. at 2); and (4) a copy of page 611 of the CDCR's Operations Manual which includes Article 6 § 72040.4 - Detainers from Other Agencies (Id. at 5).

Plaintiff has not shown good cause for the court to take judicial notice of these documents.  To the extent that Plaintiff intends to submit the documents as evidence in support of his complaint, the court cannot serve as a repository for the parties' evidence.  The parties may not file evidence with the court until the course of litigation brings the evidence into question. At this stage of the proceedings, these documents are not at issue.  Therefore, the court finds no good cause to take judicial notice of the documents submitted by Plaintiff.

**III. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's requests for judicial notice, filed on December 26, 2013 and January 2, 2014, are DENIED.

IT IS SO ORDERED.

Dated:  **February 6, 2014**              **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE