UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS LEE RODGERS,<br><br>        Plaintiff,<br><br>   vs.<br><br>STATE OF OHIO, et al.,<br><br>        Defendants. | 1:13-cv-01802-GSA-PC<br><br>ORDER DENYING PLAINTIFF LEAVE TO AMEND THE COMPLAINT<br>(Doc. 19.) |

**I.     BACKGROUND**

Otis Lee Rodgers ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff lodged the Complaint commencing this action on September 6, 2013 at the United States District Court for the Central District of California.  (Doc. 1.)  On October 29, 2013, Plaintiff filed the First Amended Complaint.  (Doc. 6.)  On November 5, 2013, the case was transferred to the Eastern District of California.  (Doc. 4.)  Plaintiff has consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance.  (Doc. 9.)

On February 18, 2014, Plaintiff filed a notice of his intent to file a Second Amended Complaint.  (Doc. 19.)  The Court construes Plaintiff's notice as a request for leave to amend.

**II.    LEAVE TO AMEND – RULE 15(a)**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.

1  Fed. R. Civ. P. 15(a).  Otherwise, a party may amend only by leave of the court or by written
2  consent of the adverse party, and leave shall be freely given when justice so requires.  Id.

3        "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so
4  requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir.
5  2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where
6  the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an
7  undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is
8  insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan,
9  Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58
10 (9th Cir. 1999)).  Because Plaintiff has already amended the complaint once, Plaintiff requires
11 leave of court to file a Second Amended Complaint.

12       Plaintiff seeks to amend the complaint to add a claim for theft of property.  Plaintiff
13 alleges that on January 19, 2014, an unnamed prison officer stole a cassette tape from him
14 which contained a recording of a 911 telephone call.  Plaintiff asserts that he intended to use the
15 cassette tape as evidence in his pending Ninth Circuit case #13-56729.  Plaintiff maintains that
16 the tape was stolen as part of a RICO conspiracy to protect the state from financial liability for
17 Plaintiff's wrongful conviction.

18       **Discussion**
19       *Rule 18 – Unrelated Claims*

20       The joining of unrelated claims in the same action violates Rule 18 of the Federal Rules
21 of Civil Procedure.  "The controlling principle appears in Fed. R. Civ. P. 18(a)  'A party
22 asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim,
23 may join, either as independent or as alternate claims, as many claims, legal, equitable, or
24 maritime, as the party has against an opposing party.'  Thus multiple claims against a single
25 party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B
26 against Defendant 2.  Unrelated claims against different defendants belong in different suits,
27 not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but
28 also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act

limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees . 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's First Amended Complaint challenges an outstanding warrant issued on July 12, 2013, for Plaintiff's arrest as a parole violator, requiring his extradition to the State of Ohio upon his release from California custody expected on August 24, 2015.  Plaintiff names as defendants Sara Andrews, Chief of Ohio Adult Parole Authority, and Stu Sherman, acting Warden of the California Substance Abuse Treatment Facility in Corcoran, California, where Plaintiff is presently incarcerated.  Plaintiff brings claims in the First Amended Complaint for violation of his due process rights and improper recording of the warrant, and he seeks to have the warrant invalidated.

Plaintiff's claim for theft of the cassette tape arose after this lawsuit was filed and is entirely unrelated to his claims in the First Amended Complaint.  Plaintiff seeks to add a new defendant based on events that have no connection to the outstanding warrant he challenges in the First Amended Complaint.  Because the addition of Plaintiff's claim for theft to this action would impermissibly violate Rule 18(a), it would be futile to allow Plaintiff to file a Second Amended Complaint adding the claim.  Therefore, Plaintiff shall not be permitted to file a Second Amended Complaint as he intends, and his request for leave to amend shall be denied.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for leave to amend, filed on February 18, 2014, is DENIED.


IT IS SO ORDERED.

   Dated:   **February 21, 2014**                    **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE

3